The opinion of the Court was delivered by
Frost, J.
The appeal presents a mere question of law, which must be decided by authority. The liability which has been enforced against the sheriff, in this case, has been recognized from the earliest period of the law. By the statute 1 Rich. 2, c. 12, R. Stat. 442, if any warden be attainted, by due process, that he had suffered a prisoner in execution to go at large, the plaintiffs shall have their recovery against the warden, by writ of debt. In Shaw’s case, Year-Books, 16 Ed. 4, fol. 3, it is affirmed, that when judgment is once rendered, and the defendant taken in execution, by his body, a rescue shall not excuse the sheriff or warden; and it was adjudged by all the judges and sergeants of the law, when the Bastard of Faucon-bridge made an insurrection in the county of ffent, and broke the prison of the King’s Bench and let the prisoners go at large, that the warden could in no manner excuse himself; and by advice of his counsel, he petitioned Parliament; and an Act was passed that he should not be charged, on account of such escape. Alsept vs. Eyles, 2 H. Blac. 111., was an action of debt for the escape of a prisoner in execution. The defendant pleaded that he was sheriff and keeper of the prison by letters patent of the king, by whom the prison should be maintained and repaired; *61 and by reason that the jail wall was too low, the prisoner, by the aid of persons from without, had effected his escape. Lord Loughborough said, it was impossible to maintain the ground that the sheriff was not liable for negligence. As the law stands, nothing but the act of God or public enemies can excuse the sheriff.
In Saxon vs. Boyce, 1 Bail. 67, Johnson, J., confirmed the rule in Alsept vs. Eyles, and in Cook vs. Irving, 4 Strob. 208, it was again recognized. Smith vs. Hart, 2 Bay 395, was an action of debt for an escape. ' The sheriff offered evidence of the insecurity of the jail; that he had made remonstrances to the governor on the subject; and that it had frequently been presented by the grand jury; but the evidence was excluded. On appeal, it was held to have been properly excluded ; because, it was said, if testimony of this kind were once admitted, it would open a door to sheriffs and jailors for making excuses, without end; for which reason the law is clear that it is no legal excuse.
In O’Neil vs. Marson, 5 Burr. 2812, to debt for an escape, the sheriff pleaded a rescue of the prisoner by a mob. Lord Mansfield said to the defendant’s attorney, “You have looked very carefully into it; but it appears there is no case to be found on the side of the defendant. The cases are hard; but they are too strong to be got over.” It is needless to multiply authorities. The law is well settled; and if it is to be changed, that must be done by the Legislature.
The Sheriff’s Act of 1839 did not, as it has been contended, alter the common law liability of the sheriff for an escape. It only declares the measure of damages against the sheriff, fox-voluntary and negligent escapes ; but does not define what shall be an escape; leaving that to the common law.
The rule may, in some cases, operate hardly on the sheriff; but they are rare. Most frequently an escape is favored by the negligence of the jailor. The walls and fastenings of the jail, however strong and solid they may be, are not of themselves sufficient to prevent escapes. The vigilance of the jailor is indispensable to the safekeeping of the prisoners. • The liability *62 of the sheriff and of a common carrier, respecting the subjects committed to their charge, rests on a common ground of public policy. The sheriff is not a mere bailee. He exercises a public employment and is charged with a' duty, in the safekeeping of prisoners, of vital importance to government. The law is deprived of its efficacy, and the judgment of the court is frustrated, when a prisoner escapes. The good order of society and the security of private rights depend on the execution of the law. Pretexts and excuses for an escape are so easily invented and so easily maintained by evidence, that unless they are cut off, the sheriff may, in almost every case, secure to himself impunity. It is sufficient to exempt the rule from any imputation of harshness, that public necessity demands it. The motion is dismissed.
O’Neall, WaRdlaw, Witheus "and Whitner, JJ., concurred.

Motion dismissed.